SUMMONS        SC-85-1        Clyde Castleberry Co., Covington, GA 30015

# IN THE SUPERIOR/STATE COURT OF __DeKalb__ COUNTY

## STATE OF GEORGIA

Mirlande Pascal

CIVIL ACTION NUMBER ___18A70280___

_____

_____

**PLAINTIFF**

VS.

Dermalogica, LLC

_____

_____

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Sutlive & Associates, LLC
ATTN: Bryan Sutlive, Esq.
200 Ashford Center N, Suite 305
Atlanta, Georgia 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This_____day of____7/18/2018_____, 20_____.

Clerk of Superior/State Court

BY _____

Assunta Wells

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

STATE COURT OF
DEKALB COUNTY, GA.
7/18/2018 1:32 PM
E-FILED
BY: Assunta Wells

**EXHIBIT "A"**

SUMMONS                          SC-85-1                          Clyde Castleberry Co., Covington, GA  30015

## IN THE SUPERIOR/STATE COURT OF DeKalb _____ COUNTY

### STATE OF GEORGIA

Mirlande Pascal _____          CIVIL ACTION  18A70280
                                         NUMBER _____

_____

_____
                      PLAINTIFF

              VS.

Yakeisha Welch _____

_____

_____
                      DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Sutlive & Associates, LLC
ATTN: Bryan Sutlive, Esq.
200 Ashford Center N., Suite 305
Atlanta, Georgia 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This_____day of__7/18/2018_____, 20_____.

                                         Clerk of Superior/State Court

                                             Assunta Wells
                                         BY _____
                                                              Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MIRLANDE PASCAL,

        Plaintiff,

Vs.

MASSAGE HEIGHTS BROOKHAVEN,
DERMALOGICA, LLC, YAKEISHA E.
WELCH, AND JOHN DOES I-V,

        Defendants.

CIVIL ACTION FILE №:
  18A70280

---

## COMPLAINT

Comes now Plaintiff, by and through her Counsel of Record, and files this action against the above-named Defendants and shows this Honorable Court as follows:

### **PARTIES AND JURISDICTION**

#### 1.

Plaintiff was at all times relevant to the instant litigation, a citizen and domiciliary of the State of Georgia.

#### 2.

Defendant Massage Heights Brookhaven (hereinafter referred to as "MHB") is believed to be a for-profit Georgia Corporation which is not

registered with the Georgia Secretary of State. Defendant MHB's business address is 305 Brookhaven Avenue, Suite B1160, Brookhaven, Georgia 30319 (Dekalb County). Defendant MHB may be served with Summons and Complaint as authorized by Georgia law. Once served with process, Defendant MHB is subject to the jurisdiction and venue of this Court.

3.

Defendant Yakeisha Welch (**Welch**) was at all times relevant to the instant litigation a citizen and domiciliary of the State of Georgia. Defendant Welch may be served with Summons and Complaint at 5160 E. Ponce De Leon Avenue, Apartment T, Stone Mountain, Georgia 30083 (Dekalb County).

4.

Defendant Dermalogica, LLC., (**Dermalogica**) is a "for profit" foreign corporation authorized to do business in the State of Georgia. Defendant Dermalogica is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because Dermalogica regularly solicits business in Georgia and sells its products directly to Georgia consumers; Dermalogica sells its products to distributors in Georgia with the expectation and knowledge that

2

they will be purchased by Georgia consumers; Dermalogica committed a tortuous act which caused damages in Georgia, and Dermalogica derives substantial revenue from products sold and used in Georgia. Summons and process may be served upon Dermalogica's Georgia Registered Agent: CT Corporation Systems, 289 S Culver St., Lawrenceville, (Gwinnett County) Georgia 30046.

5.

Defendants John Does 1-5 are those persons and/or entities that, through discovery, may have caused or contributed to the injuries and damages sustained by the Plaintiff.

6.

Venue in the above-styled civil action is proper in this County and Court.

## FACTS

7.

The incident that forms the basis of Plaintiff's Complaint occurred on or about July 23, 2016, at the Massage Heights Brookhaven located at 305 Brookhaven Avenue, Suite B1160 in Brookhaven, Georgia (Dekalb County).

8.

At that date and place, Plaintiff Mirlande Pascal sought professional care at Massage Heights to even the skin color of Plaintiff's feet. Defendant Welch while in the course and scope of her employment with **Massage Heights, was the therapist assigned to Plaintiff**.

9.

Defendant **Welch** discussed undergoing a "chemical peel," but after consultation it was recommended that Plaintiff would purchase a skin microfoliant manufactured and sold by Dermalogica.    Welch gave assurances to Plaintiff that the product would be safe given the Plaintiff's skin type and complexion.

10.

Defendant Welch did not perform any skin tests, complexion tests, or any other procedure to determine if the product was suitable for use on Plaintiffs skin. Defendant Welch then proceeded to mix and apply the Dermalogica treatment to Plaintiff's feet without regard to measuring or ensuring that the mixture was made appropriately.

4

11.

Within hours after applying the product, the Plaintiff's feet started to feel "burned". She returned to Massage Heights the following day, Sunday, July 24, 2016, and informed defendant Welch that she was experiencing a painful burning sensation on her feet and that she wished to return the product. Defendant Welch stated to Plaintiff that the burning sensation "means the product is working" and to "keep using it." Welch also informed Plaintiff that they would not accept a return of the product. Photographs demonstrating these burns are attached to this Complaint as Exhibit "A".

12.

On or about Monday July 25, 2016, due to the intense physical pain resulting from the application of the Dermalogica product, Plaintiff went to Northside Hospital where she was diagnosed with having received second-degree chemical burns to both feet/ankles.

13.

As of the filing of this Complaint, Plaintiff still has significant scarring and hyperpigmentation caused by the negligence of the Defendants and application of the dangerous and defective product manufactured and sold

by defendant Dermalogica. Plaintiff also emotional and mental anxiety as a result of the disfigurement caused at the hands of the Defendants.

14.

To date, Plaintiff has incurred over $1,500.00 in medical bills. Plaintiff and her Counsel anticipate that the medical specials and the injuries sustained by the Plaintiff will increase as her need for ongoing medical treatment continues.

15.

In addition to the medical expenses referenced above, Plaintiff has incurred significant physical and emotional pain and suffering, past, present and future. It is anticipated that Plaintiff's pain and suffering will continue into the indefinite future.

16.

As a result of the Defendants' negligence, Plaintiff has sustained a diminished capacity to enjoy life as a result of her continued ongoing pain and suffering and scarring.

## COUNT I – NEGLIGENCE

### 17.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 16 of her Complaint in its entirety.

### 18.

Pursuant to Georgia law, a massage therapist must exercise ordinary care in the screening for appropriateness and application of skin care products to subjects.  Failure to do so amounts to negligence.

### 19.

Defendant **Welch** failed to exercise ordinary care in the explaining of the treatment procedure to the Plaintiff, the selection of the Plaintiff due to her skin type and complexion; the selection of the product; the mixing and strength of the Dermalogica product; the false and misleading assurances given by **Welch** to the Plaintiff, the application of the product to the Plaintiff's skin, as well as the failure to provide any remedial measures after the defects and injuries were revealed to the Defendants.

20.

At all times relevant leading up to the negligence caused by Defendant **Welch** in the negligent selection and application of the Dermalogica skin product to the Plaintiff, Plaintiff was a member of the general public entitled to the safeguards against negligent actions and the lack of ordinary care as exhibited by Defendants.

## COUNT II - RESPONDEAT SUPERIOR

21.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 20 of her Complaint in its entirety.

22.

At all times relevant to the instant litigation, Defendant **Welch** was working in the course and scope of her employment with **Massage Heights Brookhaven (MHB)**.

23.

At all times relevant to the instant litigation, Defendant **Welch** was under the direct supervision and control of MHB.

8

24.

Under the Georgia Doctrine of Respondeat Superior, the torts of the employee/agent are the torts of the employer.  Thus, **MHB** is liable to the Plaintiff for the torts, injuries and damages caused by its employees, servants and/or agent

## COUNT III - NEGLIGENT TRAINING AND SUPERVISION

25.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 24 of her Complaint in its entirety.

26.

At all relevant to the instant litigation, Defendant **Welch** was under the direct supervision and control of Defendant **MHB**.

27.

In allowing Defendant **Welch** to continue with her improper selection and application of the Dermalogica product to the Plaintiff when **Welch** knew, or should have known, that the Plaintiff was not a proper candidate for these procedures, Defendant **MHB** failed to properly train, monitor and supervise Defendant **Welch**.

28.

The actions of the Defendants were the sole and proximate cause of the Plaintiff's injuries and damages.

## COUNT IV - STRICT PRODUCTS LIABILITY - DEFENDANT DERMALOGICA

29.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 28 of her Complaint in its entirety.

30.

Defendant Dermalogica designed and manufactured the microfoliant product involved in the incident-in-suit.

31.

Defendant Dermalogica was engaged in the business of selling skin care products, including the microfoliant product for use and consumption.

32.

Defendant Dermalogica sold the microfoliant involved in the incident-in-suit.

10

33.

The microfoliant was defective in its design and manufacture because it caused second-degree chemical burns upon application.

34.

The microfoliant was defective in its design and manufacture because it was not accompanied with specific directions regarding the proper mixing ratios of the product with water prior to application.

35.

The microfoliant was defective in its design and manufacture because it was not accompanied with a warning that was properly marked and/or labeled to indicate which skin types were appropriate for use upon nor that there was a risk of burns.

36.

Because of the above defects, the microfoliant was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

37.

The microfoliant was defective at the time it was sold by Defendant Dermalogica or at the time it left Defendant Dermalogica's control.

38.

The microfoliant was expected to reach the user without substantial change in the condition in which it was sold.

39.

The microfoliant did reach the user without substantial change in the condition in which it was sold.

40.

Plaintiff Mirlande Pascal was a person who would reasonably be expected to use or be affected by the microfoliant, and at all times Defendant Welch used the microfoliant product in a negligent by reasonably foreseeable fashion.

41.

As a direct and proximate result of the defect in the microfoliant, Plaintiff Pascal sustained injuries and damages, including burns, mental

and physical pain and suffering, discoloration, and scarring. These injuries are permanent.

42.

By reason of the foregoing, Plaintiff is entitled to recover special and general compensatory damages from Defendant Dermalogica in an amount to be proven at trial.

## COUNT V - NEGLIGENCE - DEFENDANT DERMALOGICA

43.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 42 of her Complaint in its entirety.

44.

Defendant Dermalogica was negligent in manufacturing the microfoliant because Defendant failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to a person who might reasonably be expected to use or be affected by the product while it was being used in the manner Defendant might reasonably have expected. In particular, the microfoliant was designed and manufactured in such a way that the user would not know the appropriate mixing ratios,

13

and because the user would be unaware that the ingredients in the product could cause severe burns and discoloration of the skin.

45.

As a direct and proximate result of Defendant's negligence, Plaintiff Pascal sustained serious injuries and damages, including burns, mental and physical pain and suffering, discoloration, and scarring. These injuries are permanent.

46.

By reason of the foregoing, Plaintiff is entitled to recover special and general compensatory damages from Defendant Dermalogica in an amount to be proven at trial.

## COUNT VI - JOINT AND SEVERAL LIABILITY

47.

Plaintiff incorporates by reference, as if fully set forth herein, Paragraph Nos. 1 through 46 of her Complaint in its entirety.

48.

The acts and omissions of all Defendants as set forth above combined to proximately cause the serious injuries and damages sustained by

14

Plaintiff Mirlande Pascal. Thus, Defendants are jointly and severally liable to Plaintiff for the full amount of Plaintiff's compensatory damages, including damages for permanent scarring and discoloration, past and future medical expenses, mental and physical pain and suffering, and disfigurement.

WHEREFORE, Plaintiff prays for the following:

(a)    That a Summons and Complaint be issued requiring Defendants to be served as required by law and requiring Defendants to answer the Complaint;

(b)    That Plaintiff has a trial by a fair and impartial jury, as by law provided;

(c)    That Plaintiff obtains a judgment against Defendants, jointly and severally, of a sum in excess of $10,000.00 to compensate her for the general and special damages she has incurred through the negligence of the Defendants;

(d)    For such further relief as this Court deems just and proper.

This 18th day of July, 2018.

Respectfully submitted,

BRYAN A. SUTLIVE, ESQ.
Georgia State Bar No. 511012
Kathryn Burmeister, Esq.
Georgia State Bar No. 367424
Attorneys for Plaintiff

Sutlive & Associates, LLC
200 Ashford Center North
Suite 305
Atlanta, GA 30338
(678) 783-4370
(478) 238-0598 (Fax)
bryan@sutlivelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/18/2018 1:32 PM
E-FILED
BY: Assunta Wells

16

Civil Action No. **18A70280    5**

Date Filed **07/18/2018**

State Court ✓
Magistrate Court ☐
Georgia, DeKalb County

**Attorney's Address**

Suttive + Associates, LLC
200 Ashford Center North
Suite 305
Atlanta, Georgia 30338

Mirlande Pascal

Plaintiff

VS.

Massage Heights Brookhaven, et al.

RECEIVED

JUL 20 2018

Dekalb MARSHAL'S OFFICE

Defendant

Garnishee

**Name and Address of Party to be Served**

Yakeisha Welch

5160 E. Ponce De Leon Avenue

Apartment T

Stone Mountain, Georgia 30083

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

STATE COURT
DEKALB

JUL 25 18

**NON EST** ☑ Diligent search made and defendant Tenant does not know defendant. not to be found in the jurisdiction of this Court.

This **25** day of **July**, 20**18**

_____
Deputy

R Barnes 6776

**18SCIV149340**

SHERIFF DOCKET_____ PAGE_____

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MIRLANDE PASCAL,

       Plaintiff,

Vs.

MASSAGE HEIGHTS BROOKHAVEN,
DEMOLOGICA, LLC, YAKEISHA E. WELCH,
AND JOHN DOES I-V,

       Defendants.

CIVIL ACTION FILE NO: 18A70280

## NOTICE OF PROOF OF SERVICE

COMES NOW, Plaintiff, Mirlande Pascal, and pursuant to O.C.G.A. § 9-11-4(h)

hereby gives notice of the filing the Notice of Proof of Service on Yakeisha Welch on July

25, 2018 through an Affidavit of Service of Process. A copy of the Affidavit of Service of

Process is attached hereto as Exhibit "A".

       This 26th day of July, 2018.

       Respectfully submitted,

       BRYAN A. SUTLIVE, ESQ.
       Georgia State Bar No. 511012
       KATHRYN F. BURMEISTER, ESQ.
       Georgia State Bar No. 367424
       Attorneys for Plaintiff

Sutlive & Associates, LLC
200 Ashford Center North, Suite 305
Atlanta, GA 30338
(678) 783-4370
(478) 238-0598 (Fax)
kathryn@sutlivelaw.com

# Exhibit "A"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MIRLANDE PASCAL                          :

    Plaintiff,                          :        Civil Action File No.
                                 :          18A70280

v.                                        :

                                 :

MASSAGE HEIGHTS BROOKHAVEN, :
DERMALOGICA, LLC, YAKEISHA E.   :
WELCH, AND JOHN DOES 1-V,        :

                                 :

    Defendants.                          :

## AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

(1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

(2)

I personally served upon Yakeisha E. Welch, a Summons and Complaint with Exhibit "A" in regards to the above-styled action at 2980 Jonesboro Rd SE, Apt 20, Atlanta, GA 30354 on July 25, 2018 5:18 P.M.

Further affiant sayeth not.   This 25 day of July _____ 2018.

_Sally Cunningham_
Signature

Sworn to and subscribed before me this
25 day of July _____ 2018.

_Norma Carter_
Notary Public, State of Georgia
My commission expires 4-10-

STATE COURT OF
DEKALB COUNTY, GA.
7/26/2018 12:32 PM
E-FILED
BY: Monique Roberts

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MIRLANDE PASCAL,

        Plaintiff,

Vs.

MASSAGE HEIGHTS BROOKHAVEN,
DEMOLOGICA, LLC, YAKEISHA E. WELCH,
AND JOHN DOES I-V,

        Defendants.

CIVIL ACTION FILE № 18A70280

---

## CERTIFICATE OF SERVICE

    This is to certify that I have on this date served the opposing parties in the foregoing matter with a copy of **Notice of Proof of Service** by depositing them in the United States Mail with adequate postage, addressed as follows:

| | | |
|---|---|---|
| Yakeisha Welch<br>2980 Jonesboro Road SE,<br>Apt. 20<br>Atlanta, GA 30354 | Massage Heights Brookhaven<br>305 Brookhaven Avenue<br>Suite B1160<br>Brookhaven, Georgia 30319 | Dermalogica, LLC<br>c/o RA: CT Corporation System<br>289 S Culver St.<br>Lawrenceville, Georgia 30046 |

    This 26th day of July, 2018.

Respectfully submitted,

BRYAN A. SUTLIVE, ESQ.
Georgia State Bar No. 511012
KATHRYN F. BURMEISTER, ESQ.
Georgia State Bar No. 367424
Attorneys for Plaintiff

Sutlive & Associates, LLC
200 Ashford Center North, Suite 305
Atlanta, GA 30338
(678) 783-4370
(478) 238-0598 (Fax)
kathryn@sutlivelaw.com

Civil Action No. __18A70280__ 5

Date Filed __07/18/2018__

State Court ☑
Magistrate Court ☐
Georgia, DeKalb County

Attorney's Address

┌ Sutlive & Associates, LLC ┐
200 Ashford Center North
Suite 305
└ Atlanta, Georgia 30338 ┘

Name and Address of Party to be Served

Massage Heights Brookhaven

305 Brookhaven Avenue, Suite B1160

Brookhaven, GA 30319

Mirlande Pascal

_____ Plaintiff

VS.

Massage Heights Brookhaven,
et al. RECEIVED

_____ Defendant

Dekalb MARSHAL'S OFFICE  Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served the defendant Massage Heights Brookhaven _____ by leaving a copy of the within action and summons with LeAne Crisol (Manager) _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.
STATE COURT OF
DEKALB COUNTY E-

**NON EST** ☐ Diligent search made and defendant_____ JUL 26 18 _____
not to be found in the jurisdiction of this Court.
FILED

This 25 day of July, 2018.

W. Gunn #693
_____
Deputy

18SCIV149409

1238

SHERIFF DOCKET_____ PAGE_____

STATE COURT OF
DEKALB COUNTY, GA.
marshalservice/2007/26/2018 3:21 PM
E-FILED
BY: Monique Roberts